**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SUSIE V. GONZALEZ,                          )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )          Case No. CIV-07-594-HE
                                            )
MICHAEL J. ASTRUE,                          )
COMMISSIONER OF THE SOCIAL                  )
SECURITY ADMINISTRATION,                    )
                                            )
                        Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff, Ms. Susie V. Gonzalez, seeks judicial review of a denial of disability insurance benefits by the Social Security Administration.  This matter has been referred for proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(B) and (C).  It is recommended that this Court reverse the Commissioner's decision and remand the case for further proceedings.

## I.   Agency Proceedings

Plaintiff filed an application for Social Security disability insurance benefits on May 21, 2004, alleging an inability to work since February 19, 2000.[1]  *See* Administrative Record [Doc. #13] (AR) 53.  Plaintiff's application was denied initially and on reconsideration.  AR 38, 39.  Following a hearing before an Administrative Law Judge (ALJ), the ALJ found that

---

[1]During the administrative hearing, the alleged onset date was amended to May 1, 2004.  *See* AR 18, 337.

Plaintiff was not disabled.  AR 15-23.  The Appeals Council denied Plaintiff's request for review, AR 9-13, making the decision of the ALJ the final decision of the Commissioner.

## II.    The ALJ's Decision

The ALJ applied the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520.  He first determined that Plaintiff had not engaged in substantial gainful activity during the relevant period from May 1, 2004, through the date she was last insured on March 31, 2005. AR 18, 20.  At step two, the ALJ determined that Plaintiff suffers from the following severe impairments:   status post bilateral knee arthroscopies, pseudogout syndrome, and degenerative arthritis of the right thumb.  AR 20.  At step three, the ALJ considered the listing at 1.02 (major dysfunction of the joints) and found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations.  AR 21.  At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to lift/carry 20 pounds occasionally or 10 pounds frequently.  She can stand/walk or sit for 6 hours during an 8-hour workday.  The claimant is able to use her hands and feet to operate control [sic].  Bending, stooping, crouching, crawling and climbing stairs are occasional.  There are no manipulative or environmental limitations. The claimant has an anxiety disorder.  She is afflicted with mild to moderate to occasionally chronic pain.  However, she can remain attentive and her medications would not prevent her from staying alert.

AR 21.  The ALJ determined that Plaintiff can return to her past relevant work as an administrative secretary, benefits administrator, and bureau chief.  AR 23.  The ALJ found,

therefore, that from May 1, 2004, through the date of the decision, Plaintiff was not disabled within the meaning of the Social Security Act.

## III.   Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

## IV.   Issues Raised on Appeal

Plaintiff contends that the ALJ committed legal error in failing to consider the listing at 14.00(B)(6)[2] which includes inflammatory arthritis. Plaintiff also contends that the ALJ's

---

[2] The "listed" impairments are found at 20 C.F.R. Part 404, Subpart P, Appendix 1. "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007) (internal quotation and citation omitted).

credibility assessment is not supported by substantial evidence.  Finally, Plaintiff contends that the ALJ's hypothetical question to the vocational expert (VE) was flawed and that, therefore, the VE's testimony does not constitute substantial evidence to support the step-four decision.

## V.   Analysis

### A.   The ALJ's Consideration of the Listings

At step three, the ALJ considered the listings at § 1.02 and § 1.02(B) (Major Dysfunction of a Joint).  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Plaintiff contends, however, that the ALJ committed legal error by not considering the listing at § 14.09 for Inflammatory Arthritis.

The regulations governing consideration of musculoskeletal disorders direct adjudicators to consider the listing at 14.00(B)(6) for "inflammatory arthritides that may result in loss of function[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(1).  Section 14.00(B)(6) states that "inflammatory arthritis (14.09) includes a vast array of disorders that differ in cause, course, and outcome."  The listing includes "crystal deposition disorders." *Id.*  Pseudogout, with which Plaintiff has been diagnosed, is one such disorder.[3]  Given the ALJ's finding that Plaintiff's pseudogout syndrome constituted a severe impairment, the ALJ's failure to consider the listing at § 14.09 is legal error.  *See Morales v. Barnhart*, 218

---

[3]"Pseudogout" is defined as "an inflammation caused by calcium pyrophosphate (CPP) crystals and is sometimes referred to as calcium pyrophosphate disease (CPPD)."  *See* Kaplan, Joseph, MD, *Gout and Pseudogout* <http://www.emedicine.com/emerg/TOPIC221.HTM>.

F. Supp.2d 450, 459 (S.D.N.Y. 2002) (ALJ committed legal error in failing to adequately address whether claimant's severe impairment of insulin dependent diabetes mellitus met listing 109.08 entitled "Juvenile diabetes mellitus.").

The Commissioner does not dispute that the ALJ failed to consider the listing at § 14.09.  Rather, he offers explanations to support his contention that the ALJ's ultimate step-three conclusion – that Plaintiff's severe impairments do not meet or equal any listed impairment – is correct.  This Court may not, however, rely on the Commissioner's post hoc arguments to shore up support for the ALJ's step-three conclusion.  *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*citing Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require [the court] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process")).  It is therefore recommended that this case be reversed and remanded for adequate consideration of the listing at § 14.09.

###     B.     The ALJ's Credibility Assessment

In discounting Plaintiff's credibility, the ALJ stated that Plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms, but that the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  AR 22.

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted).  Nevertheless, a court may

review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett*, 395 F.3d at 1173 (quotation omitted).

Plaintiff's allegations of pain are central to her disability claim.  To be considered disabling, pain must be so severe, either by itself or combined with other impairments, that it precludes any substantial gainful employment. *See Brown v. Bowen*, 801 F. 2d 361, 362-363 (10th Cir. 1986).  "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993).  Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted).  The Tenth Circuit Court of Appeals has explained the proper analysis of subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* (quotation omitted).  In assessing an individual's credibility regarding symptoms, the administrative law judge should consider factors such as:

the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (*citing Huston v. Bowen*, 838 F.2d 1125 (10th Cir. 1988)). As previously stated, credibility findings should be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391. Nevertheless, the Tenth Circuit has "not reduced credibility evaluations to formulaic expressions: '*Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.'" *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (*quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

The ALJ based his credibility analysis on two medical records gleaned from the administrative record.[4] First, the ALJ observed that an EMG study of Plaintiff's upper extremity was "unremarkable." AR 22. The report from an EMG study done in 2005 does report "Normal bilateral median and ulnar motor, sensory and F wave conduction." AR 255-258. The EMG test was ordered because Plaintiff's history of wrist and hand pain "suggested the possibility of right carpal tunnel syndrome." AR 299. Dr. Jay Knapik found

---

[4]The exhibit numbers cited by the ALJ do not always match the exhibit numbers in the record.

that the EMG "did not suggest a surgically significant carpal tunnel."  *Id.*  The fact that this test ruled out carpal tunnel syndrome as a cause of Plaintiff's pain does not establish that Plaintiff's complaints of pain are not credible.  Dr. Knapik noted that Plaintiff had previously been diagnosed with the pain-producing pseudogout which could account for both her pain and resulting limitations.  *See id*.

The ALJ also isolated a statement from progress notes of Dr. Robert Whiteneck in which the latter stated that he had observed "very minor thenar muscle atrophy."  AR 298. In the same report, however, Dr. Whiteneck noted that Plaintiff had prominence of the carpal metacarpal joint, a positive grind test of the thumb, and  positive Tinel's and Phalen's signs at the wrist.[5]  The ALJ does not explain why the absence of major atrophy in the thenar muscle undermines Plaintiff's credibility concerning her limitations and pain.

Plaintiff's medical records, viewed as a whole, indicate that she has sought relief for joint pain caused by pseudogout.  Her attempts to find relief from pain include hospital admissions, knee surgery and hand surgery.  AR 127-165; 332.   While hospitalized, Plaintiff's joint fluid showed a white blood count of 60,000 and "lots of pyrophosphate crystals" indicative of pseudogout.  AR 329.  Yet the ALJ's decision is devoid of any meaningful discussion of Plaintiff's complaints of pain.  Moreover, the two reports upon

---

[5]The thenar muscles make up the ball of the thumb.  *See* Answers.com, <http://www.answers.com/topic/thenar?cat=health>.  The "grind test" is used to diagnose osteoarthritis of the thumb.  *See* Medscape Today, <http://www.medscape.com/viewarticle/527751_11>.  Positive results on Tinel's and Phalen's signs indicate possible carpal tunnel syndrome.  *See* Nerve Compression Syndromes, <http://www.merck.com/mmpe/sec04/ch042/ch042f.html>.

which the ALJ relied, when viewed in light of the medical records as a whole, do not support

his conclusion that Plaintiff's "statements concerning . . . symptoms are not entirely

credible."  AR 22.  It is recommended that the Commissioner's decision be reversed and

remanded for further proceeding including a proper discussion and analysis of Plaintiff's

alleged pain.

### C.    The ALJ's Hypothetical Question to the VE

Plaintiff challenges the ALJ's hypothetical question to the VE as not supported by

substantial evidence:

> We have a 55-year-old female who has one year of college plus her job
> experience.  She is going to have a good ability to read, write, and use
> numbers.  Physically I want you to consider light and consider sedentary work
> activity.  She could occasionally lift and/or carry up to 20 pounds, frequently
> lift and/or carry up to 10 pounds.  She could stand and/or walk for up to six
> hours in an eight-hour workday with normal breaks and sit for up to six hours
> in an eight-hour workday with normal breaks.  She could use her hands for
> hand controls, feet for foot controls, as far as pushing and/or pulling.  This
> would be within the light and/or sedentary level.  She, as to postural
> limitations, she would be limited to occasional bending, stooping, crouching,
> crawling, or climbing of stairs.  There would be no manipulative limitations,
> no communicative limitations, and no environmental limitations. She has been
> diagnosed as having anxiety-related disorder.   She does take some
> medications.  However, there are no work-related limitations in that regard.
> She is afflicted with symptomatology from a variety of sources to include mild
> to moderate to occasional chronic pain that would be of sufficient severity as
> to be noticeable to her but, nonetheless, she would remain attentive and
> responsive in a work setting to carry out work assignments satisfactorily.  She
> does take medication for relief of some of her symptomatology but the
> appropriate use of the medication would not preclude her from remaining
> reasonably alert to perform required functions presented in a work setting.

AR 359-360.  In response to this hypothetical description of capacities and limitations, the

VE testified that Plaintiff could return to any of the jobs making up her past relevant work.

9

In his decision, the ALJ found that Plaintiff can perform light work with few limitations other than occasional bending, stooping, crouching, crawling, and climbing stairs.  He further found that Plaintiff's pain medication would not have side effects that prevent her from staying alert.  AR 21.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision."  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir.1991) (quotation omitted).

The ALJ's hypothetical question is based on the Physical Residual Functional Capacity Assessment made by a non-examining medical consultant *see* AR 285-293, and a Psychiatric Review Technique form completed by a non-examining psychiatrist.  AR 281-284.  Plaintiff testified that her activities are very limited because she "cannot stand or walk for long periods of time."  AR 348.  She also testified that she suffers from attacks of anxiety at least once a day.  AR 354.  As for side-effects from medication, Plaintiff testified that the Lorazepam and Ultram she takes both make her very dizzy and drowsy.  AR 355.  Nothing in the record supports the ALJ's finding regarding the absence of side effects of Plaintiff's medications or suggests that she would remain "reasonably alert" in a work setting.  The ALJ's hypothetical question was based almost exclusively on the reports of non-examining consultants.  The ALJ's conclusions based on the VE's testimony, therefore, is not supported by substantial evidence.  On remand, the Commissioner should obtain and consider further information about side effects of medication and the severity of Plaintiff's anxiety by re-

contacting treating sources, if necessary, or by ordering consultative examinations by appropriate medical sources.

In sum, each of the claims Plaintiff has raised requires a remand.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by May  20th , 2008. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  30th  day of April, 2008.


VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE